# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1127 | **DATE** | March 6, 2002 |
| **CASE TITLE** | Kause v. Berwyn Police Department, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's application to proceed in forma pauperis [ ] and motion for appointment of counsel [ ] are denied. We also dismiss plaintiff's complaint without prejudice and give her leave to file an amended complaint by March 27, 2002. If an amended complaint is not filed by March 27, 2002, the dismissal will be with prejudice.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | MAR 1 4 2002 | |
| | No notices required. | | | |
| x | Notices mailed by judge's staff. | U.S. DISTRICT COURT | date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | 02 MAR 13 PM 4:33 | 3/6/02 | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | FILED FOR 10 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAMELA KAUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 02 C 1127 |
| | ) |
| BERWYN POLICE DEPARTMENT, | ) |
| FEB TATE, TOM TATE, and | ) |
| DETECTIVE RAMANO, | ) |
| | ) |
| Defendants. | ) |

DOCKETED

MAR 1 4 2002

**MEMORANDUM OPINION**

Before the court are plaintiff's application to proceed <u>in forma pauperis</u> and motion for appointment of counsel. For the reasons explained below, the application and motion are denied, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

**BACKGROUND**

Plaintiff Pamela Kause, proceeding <u>pro se</u>, filed a complaint against the Berwyn Police Department, Tom Tate (whom the complaint alleges is a Berwyn police detective), his wife Feb Tate, and Detective Ramano (whom is alleged to be Tom Tate's supervisor).[1]

---

[1] The caption of the complaint and other documents filed by plaintiff also list Krystal Kause (plaintiff's daughter) and Susan Chalker as plaintiffs. Nowhere is their involvement in the action explained, and the only signature that appears on documents is that of Pamela Kause. As a non-lawyer, Kause can of course choose to represent herself. But she cannot act in a representative capacity for her daughter or Susan Chalker, as she purports to do. A non-lawyer cannot represent another individual in federal court and also cannot appear <u>pro se</u> on behalf of a child. <u>See Lewis v. Lenc-Smith Mfg. Co.</u>, 784 F.2d 829 (7th Cir. 1986); <u>Wenger v. Canastota Cent. Sch. Dist.</u>, 146 F.3d 123, 124 (2d Cir. 1998).

Plaintiff petitions for leave to file _in forma pauperis_ under 28 U.S.C. § 1915 and requests appointment of counsel.

## DISCUSSION

### I. **In Forma Pauperis**

The federal _in forma pauperis_ statute is designed to ensure that indigent litigants have meaningful access to the courts. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). However, to prevent abuse of the broad access permitted by the statute, § 1915(e) provides that "the court shall dismiss the case" if it finds that the allegation of poverty is untrue or if it determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). As for the "failure to state a claim" factor, we will apply the familiar Rule 12(b)(6) criterion that dismissal is in order if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Because Kause is proceeding <u>pro</u> <u>se</u>, we have a special responsibility to construe her complaint liberally. <u>See Donald v. Cook County Sheriff's Dep't</u>, 95 F.3d 548, 555 (7th Cir. 1996).

To begin, we do not believe that plaintiff has established that she is unable to pay the necessary filing fees. While she does indicate that she is currently unemployed, she also states that she has received income from employment within the past twelve

months (and also makes the vague notation "3 months ago"), but does not describe, as required, the source of the income or the amount received. When asked if she has any checking or savings accounts, plaintiff checks both "yes" and "no," does not state any amount, and indicates "extorted by defendant." When asked about other assets such as real estate, stocks, or automobiles, plaintiff checks "yes" and states "see complaint/2 properties, bank accounts extorted, aided by defendants." She also lists her address and states "put 3000 down from credit card worth 60,000 somehow owe 83,000." This information is so vague and incomplete that we cannot determine whether Kause's economic situation meets the requirements of § 1915.

Plaintiff's complaint is also problematic. The jurisdictional basis of the complaint is not entirely clear because Kause fails to provide "a short and plain statement of the grounds upon which the court's jurisdiction depends" as required by Federal Rule of Civil Procedure 8(a)(1). Although the Civil Cover Sheet filed with the complaint indicates that this is a federal question suit, plaintiff fails to cite the federal statute under which she is filing this action.[2] The complaint refers to various state statutes, but those statutes do not necessarily create a right to sue in federal court.

---

[2] It does not appear from the allegations that the nature of plaintiff's suit is antitrust, RICO, Freedom of Information Act, or the constitutionality of state statutes, although these boxes are checked on the Civil Cover Sheet.

Furthermore, even viewing the complaint under a liberal standard, we find that it fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires plaintiff to provide "a short and plain statement of the claim showing that [she] is entitled to relief." In other words, she "must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985). The complaint is vague, rambling, and almost unintelligible; it lists a litany of alleged wrongs, such as "extortion," "malicious prosecution," "sexual harassment," "breaking privacy laws," "entrapment," "loss of parental relationship," "loss of consortium," and "fraud." However, it is extremely difficult to discern a factual basis for any of the claims (aside from the question of whether any of the asserted wrongs constitute a valid federal claim against defendants).

Plaintiff also vaguely alleges an "attack from an officer" and also claims that after she complained about the officer, she was given a speeding ticket when in fact she was not speeding.[3] From what we can decipher of the facts alleged, it may be that plaintiff is attempting to allege a claim pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy against any person who, under color

---

[3] The appropriate forum for plaintiff to challenge the speeding ticket would be the state court proceedings related to that ticket.

of law, deprives a claimant of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. However, the allegations are simply insufficient to state such a claim. "A cause of action under § 1983 requires a plaintiff to demonstrate that he was deprived of a right secured by the Constitution or a federal law at the hand of someone acting under color of law." Hanania v. Loren-Maltese, 212 F.3d 353, 356 (7th Cir. 2000).[4] Plaintiff fails to allege that she was deprived of a federal right by a state actor. Therefore, the complaint must be dismissed.

Plaintiff is given leave to file an amended complaint specifying the bases for any causes of action against the defendants. If she decides to file an amended complaint, she should describe, in plain English, the defendants' specific conduct that has caused her injuries (stating exactly who did what to her and when) and state which of her constitutional rights were allegedly violated.

## II. **Appointment of Counsel**

Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. See McKeever v.

---

[4] "A private individual has acted under color of law if there was a concerted effort between the individual and a state actor. Establishing § 1983 liability through a conspiracy theory requires a plaintiff to demonstrate that (1) the private individual and a state official reached an understanding to deprive the plaintiff of her constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents." Id. (citation omitted).

Israel, 689 F.2d 1315 (7th Cir. 1982). District courts may, in
their discretion, appoint counsel pursuant to 28 U.S.C. § 1915(d).
See Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981). In evaluating
a litigant's request for counsel, there is a threshold requirement
that the indigent make a reasonable effort to secure counsel before
presenting a request for appointment. Jackson v. County of McLean,
953 F.2d 1070 (7th Cir. 1992). Previous cases have held that our
next step is to weigh the following five factors: (1) the merits of
the indigent's claim for relief, (2) the ability of the indigent
plaintiff to investigate facts without the aid of counsel, (3)
whether the nature of the evidence suggests that the truth will
more likely be revealed where both sides are represented, (4) the
capability of the indigent to present the case, and (5) the
complexity of the legal issues surrounding the case. See Maclin,
650 F.2d at 887-88. However, the Seventh Circuit has expressed
displeasure at this multi-factor approach, and has phrased the
issue in terms of a single question: Given the difficulty of the
case, does the plaintiff appear competent to try the case himself,
and if not, would appointment of counsel make any difference to the
outcome? See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

Because plaintiff's complaint does not state a claim upon
which relief can be granted, the appointment of counsel at this
time would not aid her cause. At this stage of the proceedings, we
cannot say that plaintiff has shown a potentially meritorious

claim. For this reason, plaintiff's motion for appointment of counsel is denied without prejudice.

### CONCLUSION

For the reasons stated above, we deny plaintiff's application to proceed in forma pauperis and motion for appointment of counsel. We also dismiss plaintiff's complaint without prejudice and give her leave to file an amended complaint by March 27, 2002. If an amended complaint is not filed by March 27, 2002, the dismissal will be with prejudice.

DATE:        March 6, 2002

ENTER:

_____
John F. Grady, United States District Judge